IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD D. MYERS,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **GALEN STEHLIK, and STEHLIK LAW FIRM,** <br><br> **Defendants.** | **4:22CV3039** <br><br> **ORDER** |

This matter comes before the Court on the Motion to Compel Compliance with Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Filing No. 20) filed by Defendants, Galen Stehlik and Stehlik Law Firm.

This case began as adversary proceeding in bankruptcy court brought by the trustee of bankruptcy estate of Kurt and Kathy Kroeger ("the debtors"), alleging professional malpractice by Defendants, who represented the debtors in bankruptcy. On March 23, 2022, this Court adopted the findings and recommendation of the United States Bankruptcy Judge (Filing No. 1) recommending withdrawal of the reference to permit this case to proceed in federal district court. (Filing No. 3).

On August 31, 2022, Defendants served a subpoena to produce documents by certified mail upon a nonparty, Galyen Boettcher Baier PC, LLO ("Galyen Boettcher"), c/o Jeffrey Galyen ("Mr. Galyen"), pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Filing No. 20-1 at p. 4). The subpoena commanded production by September 16, 2022, of the following documents:

> (a) All non-privileged documents in your files regarding Kurt E. Kroeger and Kathy L. Kroeger.
> (b) All documents reflecting communications between you and Galyen Boettcher Baier PC, LLO and Galen Stehlik and/or the Stehlik Law Firm.
> (c) All timesheets or time records that reflect conversations between you and Galen Stehlik and/or the Stehlik Law Firm.

(Filing No. 20-1 at p. 5). The return receipt was signed by Galyen Boettcher's paralegal on August 31, 2022. (Filing No. 20-1 at pp. 12, 15).

On the same date, Defendants also served a Rule 45 subpoena upon BankFirst, requesting production of its loan file with the debtors and entities they owned, including H & M Farms, Inc. and Performance Crops, Inc.; communications with the debtors; documents related to the sale of collateral acquired by virtue of a foreclosure or replevin action against the debtors and/or entities they owned; and documents reflecting appraisals or valuations of real or personal property owned by the debtors. (Filing No. 20-1 at pp. 8-9). The date of compliance for this subpoena was also September 16, 2022.

On September 30, 2022, Galyen Boettcher's paralegal emailed a batch of documents to counsel for Defendants. (Filing No. 20-1 at pp. 14-15). On October 4, 2022, Mr. Galyen emailed counsel for Defendants stating, "[t]he bank discovery does not include the following tax returns the bank provided to us," and listed 2015-2017 corporate and individual tax returns for the Kroegers and H & M Farms. Mr. Galyen also indicated his subpoena responses were forthcoming. (Filing No. 20-1 at p. 14).

On December 2, 2022, counsel for Defendants emailed Mr. Galyen, stating he "[tr]ied reaching you at your office a couple of times" to follow up on the subpoena requests, and asked for an update on the status of Mr. Galyen's responses. On January 5, 2023, counsel for Defendants again emailed Mr. Galyen asking for his subpoena responses. Counsel for Defendants stated, "If we do not receive your response or hear from you by [January 11, 2023], we will proceed with filing a necessary motion to compel." (Filing No. 20-1 at p. 13).

Defendants filed the instant motion to compel Mr. Galyen's compliance with the subpoena on February 10, 2023, after receiving no further response regarding his subpoena responses. (Filing No. 20-1). Defendants served a copy of the motion upon Mr. Galyen at Galyen Boettcher by U.S. mail on the same date. (Filing No. 20 at p. 3). To date, no response to Defendants' motion has been received by the Court.

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty. Fed. R. Civ. P. 45. When a nonparty subpoena recipient fails to respond to a Rule 45 subpoena, the party serving the subpoena may file a motion to compel compliance with the subpoena, and must provide notice of the motion to the person subject to the subpoena and to the other parties to the action. See Fed. R. Civ. P. 45(c)(2)(B)(i); Fed. R. Civ. P. 34(c) ("a nonparty may be compelled to produce documents and tangible things," as provided in Rule 45). The moving party carries the burden of showing that

the requested documents are discoverable within the meaning of Rule 26. Rule 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

On the record before the Court, it appears Galyen Boettcher Baier PC, LLO was properly served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure; that Mr. Galyen, on behalf of Galyen Boettcher, acknowledged receipt of the subpoena and stated in an email dated October 4, 2022, that his subpoena responses "are forthcoming," but failed to provide any responses as of today's date; and that despite receiving notice of the instant motion to compel, Galyen Boettcher also filed no response to Defendants' request for the Court to order Galyen Boettcher's compliance with the subpoena. The documents requested by Defendants, at least on their face and after review of the pleadings in this case, appear to be within the appropriate scope of discovery as provided by Rule 26(b)(1). Therefore, the Court will grant Defendants' motion to compel and order Galyen Boettcher Baier PC, LLO to produce all documents and records responsive to Defendants' subpoena. See Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45(d)(2). Accordingly,

**IT IS ORDERED**:

1. Defendants' Motion to Compel Compliance with Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Filing No. 20) is granted.
2. Galyen Boettcher Baier PC, LLO is ordered to produce all documents and records responsive to Defendants' subpoena on or before **March 24, 2023.**
3. The Clerk of Court is directed to mail a copy of this order to:

    Galyen Boettcher Baier PC, LLO
    c/o Jeffery Galyen
    100 N. 13th Street, Suite 300
    Norfolk, NE 68701

Dated this 3rd day of March, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge